IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**FRANK W. ASKEW JR.**     **PLAINTIFF**
**ADC #082276**

v.     No: 2:19-cv-00042 JM-PSH

**ROOSEVELT G. BARDEN,** *et al.*     **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Frank W. Askew Jr. filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* on April 11, 2019 (Doc. Nos. 1 & 2). Askew is an inmate at the East Arkansas Regional Unit in the Arkansas Department of Correction. Askew is a three-striker under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The three-strikes provision requires the court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Askew has at least three strikes. Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Askew has strikes in the following cases: *Askew v. Doe, et al.*, No. 4:93-cv-00831-BRW; *Collins, et. al. v. Freeman, et. al.*, No. 2:04-cv-00043-JMM; and *Askew, et. al., v. Norris, et. al.*, No. 2:09-cv-00165-DPM.

As a three-striker, Askew must show that he was in imminent danger of serious physical injury at the time he filed the complaint in order to proceed *in forma pauperis*. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). Askew makes no allegation that he is currently in any danger of physical injury. Rather, his claims describe several seemingly unrelated isolated events. Askew alleges that defendant Captain Roosevelt Barden, Lieutenant Fidel Cobb, and Officer Holmes applied excessive force on separate days in February and March of 2019; that Barden placed him into a cell where an inmate sexually assaulted him; and that Property Officer Jenkins violated his constitutional right of access to the courts. Because Askew does not allege facts establishing that he faces a genuine risk of an ongoing serious physical injury, he may not proceed in this case *in forma pauperis*.

IT IS THEREFORE RECOMMENDED THAT:

1. Askew's motion for leave to proceed *in forma pauperis* (Doc. No. 1) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

2. Askew's motion for service (Doc. No. 3) be DENIED.

3. Askew be given thirty days to reopen the case by paying the $400 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 16th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE